UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRAVIS DEVON RUFFIN,

      Petitioner,

v.                                Case No. 3:20-cv-918-MMH-JBT

SECRETARY, FLORIDA DEPARTMENT
OF CORRRECTIONS, et al.,

      Respondents.

_____

## ORDER

### I. Status

Petitioner Travis Devon Ruffin, an inmate of the Florida penal system, initiated this action in the United States District Court for the Southern District of Florida on November 15, 2019, by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Petition; Doc. 1).[1] The assigned judge transferred the action to the Northern District of Florida on April 30, 2020. See Order (Doc. 11). Determining the transfer resulted from a "typographical error," the Northern District transferred the action to the Middle District of Florida on August 14, 2020. See Order (Doc. 13). In the Petition, Ruffin contends the United States violated a term of his plea agreement that provided

_____

[1] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

he would serve his sentence in federal prison. <u>See</u> Petition at 2, 7-9. Respondents submitted a memorandum in opposition to the Petition. <u>See</u> Response (Doc. 22). They also submitted exhibits. <u>See</u> Docs. 22-1 through 22-5. Ruffin notified the Court that he did not intend to file a reply, but instead would rely on the allegations and claims stated in the Petition. <u>See</u> Notice (Doc. 24). This action is ripe for review.

## II. Procedural History

On December 14, 2017, officers of the Fort Pierce Police Department arrested Ruffin. <u>State v. Ruffin</u>, 56-2017-CF-3346, Arrest Report (Fla. 19th Cir. Ct.).[2] The state of Florida subsequently charged Ruffin by information with aggravated assault (counts one and two), false imprisonment (count three), possession of a firearm by a convicted felon (count four), attempted tampering with evidence (count five), possession of alprazolam (count six), and tampering with a witness (count seven). Doc. 22-1 at 1-3. On January 25, 2018, a federal grand jury returned a one-count indictment charging Ruffin with possession of

---

[2] The Court takes judicial notice of the docket entries and filings in case number 56-2017-CF-3346.

a firearm by a convicted felon. <u>United States v. Ruffin</u>, Case No. 2:18-CR-14004-DMM-1, Doc. 1 (S.D. Fla.).[3]

Because Ruffin was in state custody awaiting the disposition of multiple charges, on February 6, 2018, the Southern District issued a writ of habeas corpus <u>ad</u> <u>prosequendum</u> directing the Warden of St. Lucie County Jail to deliver Ruffin into the custody of the United States Marshals Service (USMS). <u>Ruffin</u>, Case No. 2:18-CR-14004-DMM-1, Doc. 4. On March 28, 2018, Ruffin pled guilty to the single count in the federal indictment. Doc. 22-2. The Magistrate Judge who presided over the plea colloquy "recommend[ed] that the plea be accepted and that [Ruffin] be adjudged guilty of the offense." Doc. 22-4 at 23. On June 7, 2018, the assigned District Judge accepted Ruffin's guilty plea, adjudicated him guilty of the single offense charged, and sentenced him to ninety-six months in prison, followed by a two-year term of supervised release. Docs. 22-3 at 2-3; 22-5 at 3. The District Judge further ordered that the term of imprisonment "run concurrent to any sentenced imposed in the pending State Court Case No. 17-3346-CF," and recommended to the Bureau of Prisons (BOP) that Ruffin "be designated to a facility in or as close to Fort

---

[3] The Court takes judicial notice of the docket entries and filings in case number 2:18-CR-14004-DMM-1.

Pierce, Florida as possible." Doc. 22-3 at 2. After his sentencing, the USMS returned Ruffin to state custody, and on January 28, 2019, he pled guilty to the state court charges. Doc. 22-1 at 4-10. The court ordered his sentence to run "concurrent and coterminous with any federal sentence being served." <u>Id.</u> at 11.

### III. Discussion

In the Petition, Ruffin argues that the United States has failed to abide by a provision of his federal plea agreement that he would serve his sentence in federal prison. Petition at 9. He maintains he will not receive credit toward his federal sentence for the time he now serves on his state sentence because 18 U.S.C. § 3585(b) prohibits "double credit." <u>Id.</u> at 7. Ruffin therefore contends that his federal sentence will effectively run consecutive to his state sentence in violation of the federal plea agreement. <u>Id.</u> In support of his claim, he points to the sentencing transcript in which the District Judge recommended the BOP house Ruffin near Fort Pierce. Doc. 1-1. As relief, Ruffin requests that he be transported from state prison to federal prison. <u>Id.</u> at 9.

Respondents ask the Court to dismiss the case with prejudice. Response at 1. According to Respondents, Ruffin's "argument that the United States has breached its contract with him . . . is misplaced both as a matter of fact, and as

4

a legal proposition." Id. at 3. They assert that the plea agreement was not conditioned "on an agreement to incarcerate him in the federal system. . . ." Id. Moreover, the BOP possesses absolute authority to designate the place of a prisoner's confinement, and a judicial recommendation concerning place of confinement does not bind the BOP. Id. at 4-5.

Ruffin is not entitled to transfer from state prison to federal prison at this time.[4] A § 2241 petitioner bears the burden of establishing his entitlement to habeas relief. Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006). Here, the record contains no evidence to support Ruffin's contention that he entered into a plea agreement with the United States conditioned on the service of his sentence in federal custody. See Docs. 22-2 through 22-5. During Ruffin's federal proceedings, the sole reference to his place of incarceration occurred at the sentencing hearing when defense counsel asked the District Judge to make a recommendation to the BOP:

_____

[4] While exhaustion of administrative remedies is not a jurisdictional requirement in the context of § 2241 proceedings, "even when the defense has been preserved and asserted by the respondent throughout the proceeding, a court may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015). Ruffin seemingly failed to exhaust his administrative remedies. See Petition at 8 ("Ruffin cannot exhaust his administrative remedies within a Federal Prison because he is incarcerated in a State prison."). Nevertheless, the Court declines to reach the exhaustion question as Respondents have not raised the defense and the Petition is due to be denied on the merits.

| | |
|---|---|
| THE COURT: | All right. Mr. Ruffin, you have the right to appeal the sentence imposed. Any notice of appeal must be filed within 14 days. Failure to file a notice within that period would constitute a waiver of your right to appeal. Do you want me to make any <u>recommendations</u>, Mr. Peacock?[5] |
| [COUNSEL]: | May I have one second? |
| THE COURT: | Sure. |
| [COUNSEL]: | Your Honor, Mr. Ruffin would request to be housed as close to this area as possible by BOP. |
| THE COURT: | South Florida or Central Florida? What . . . |
| [COUNSEL]: | Fort Pierce. |
| THE COURT: | Just as close to Fort Pierce as possible? |
| [COUNSEL]: | Yes, sir. |
| THE COURT: | All right. All right. Good luck to you, sir. |

Doc. 22-5 at 65-66 (emphasis added). The judgment reflects this

recommendation. Doc. 22-3 at 2. While a sentencing judge is permitted to make

---

[5] Assistant Federal Public Defender Fletcher Peacock

6

recommendations to the BOP regarding placement of a defendant in a particular facility or program, the ultimate "decisionmaking authority rests with the BOP." Tapia v. United States, 564 U.S. 319, 331 (2011); 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]"). Indeed, "[a]fter a district court sentences a federal offender, the Attorney General, through B.O.P., has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335 (1992). As such, the District Judge's recommendation, to the extent Ruffin interprets it as a directive to imprison him in a federal facility, does not bind the BOP.

Moreover, the USMS properly returned Ruffin to state custody after sentencing. "[W]hen the federal government takes possession of a state prisoner pursuant to a writ of habeas corpus ad prosequendum, the state's custody is not interrupted, and thus the prisoner's federal sentence does not begin to run until he is turned over to federal authorities after having served his state sentence." Butler v. Warden, FCC Coleman-Medium, 451 F. App'x 811, 812 (11th Cir. 2011).[6] The State arrested Ruffin on December 14, 2017,

---

[6] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

and thus, had primary custody of him. <u>State v. Ruffin</u>, 56:2017-CF-3346, Arrest Report. At the time of sentencing on the federal charge, Ruffin was in federal custody only temporarily pursuant to a writ of habeas corpus <u>ad prosequendum</u> issued on February 6, 2018. <u>Ruffin</u>, Case No. 2:18-CR-14004-DMM-1, Doc. 4 (directing the USMS to return Ruffin to the custody of the Warden of St. Lucie County Jail upon the completion of all federal proceedings). As such, Ruffin's federal sentence will not commence until the United States takes primary custody of him after he serves his state sentence, <u>see</u> <u>Butler</u>, 451 F. App'x at 812, or the BOP retroactively designates a state facility as the official facility for service of his federal sentence, effectively making his federal and state sentences concurrent, <u>see</u> 18 U.S.C. § 3621(b); <u>Humphreys v. Warden</u>, 699 F. App'x 854, 860 (11th Cir. 2017). A request regarding retroactive designation should be addressed to the BOP. Therefore, because Ruffin fails to demonstrate he is entitled to serve his concurrent sentences in federal custody rather than state custody, or that the Court has jurisdiction to transfer him from a state facility at this time, the Petition is due to be denied.

### IV. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If Ruffin seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should

issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Ruffin "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

9

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.  The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.  The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.  If Ruffin appeals the denial of the Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4.  The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 31st day of August, 2023.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 8/28

c:     Travis Devon Ruffin, #K81072
       Counsel of record

11